Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **MANUEL MORAZA ORTIZ**<br><br>peticionario<br><br>v.<br><br>**CARMEN MUÑOZ GANDARA**<br><br>Recurrida | KLCE202301183 | ***CERTIORARI***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.:<br>**SJ2021CV03569 (Salón 803)**<br><br>Sobre: DIVISION O LIQUIDACION DE LA COMUNIDAD DE BIENES HEREDITARIOS |

Panel integrado por su presidenta la juez Domínguez Irizarry, la juez Grana Martínez y el juez Pérez Ocasio

Pérez Ocasio, juez ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de diciembre de 2023.

Comparece la parte peticionaria, Manuel E. Moraza Ortiz, mediante el recurso de epígrafe, y nos solicita la revocación de la "*Resolución*" emitida y notificada por el Tribunal de Primera Instancia, Sala de San Juan, el 27 de septiembre de 2023. En el referido dictamen, el foro recurrido declaró *No Ha Lugar* una solicitud de reconsideración presentada por la parte recurrida e hizo unas aclaraciones sobre el alcance del descubrimiento de prueba.

Por los fundamentos que expondremos a continuación, *se deniega la expedición del auto solicitado.*

### I.

El 9 de junio de 2021, el señor Moraza Ortiz instó una demanda sobre división de bienes hereditarios en contra de la aquí recurrida, Carmen N. Muñoz Gándara. En la misma, alegó que, en una acción previa, el foro primario lo declaró único y universal heredero de su padre, el señor Manuel Moraza Choisne, quien falleció el 16 de abril de 2020. A su vez, indicó que el tribunal de instancia determinó que la viuda del finado, la señora Muñoz

Gándara, le correspondía una cuota usufructuaria, puesto que, al momento del fallecimiento del señor Moraza Choisne, estaba vigente el Código Civil de Puerto Rico de 1930, 31 LPRA sec. 1 *et seq.* (derogado). En virtud de lo anterior, le solicitó al referido foro, entre otras cosas, que ordenara la división de los bienes pertenecientes al caudal hereditario de su padre.

Tras varias instancias procesales, el 20 de diciembre de 2021, el peticionario presentó una *Moción Solicitando Órdenes*. En el escrito, arguyó que era necesario que el tribunal emitiera órdenes a varias entidades privadas y públicas para que se obtuviese información que posibilitara realizar un inventario de los bienes que pertenecían a la extinta Sociedad Legal de Gananciales compuesta por la señora Muñoz Gándara y el señor Moraza Choisne. Las referidas órdenes iban, principalmente, dirigidas a bancos e instituciones financieras, entre ellos:

1. Banco Popular de Puerto Rico y Popular Securities;

2. Oriental Bank, OFG Bancorp y Oriental Wealth Management;

3. Santander Bank y Santander Securities;

4. First BanCorp, First Bank y FirstBank Holding Co.;

5. First Southern LLC;

6. UBS Financial Services Incorporated of Puerto Rico y UBS Securities LLC;

7. Merril Lynch Wealth Management y Merril Lynch LLC;

8. Charles Schwab y Charles Schwab Corporation;

9. Universal Financial Services, Inc. of Puerto Rico;

10. Presidente Ejecutivo de la Corporación Pública para la Supervisión y Seguros de Cooperativas de Puerto Rico (COSSEC);

11. PenFed Credit Union;

12. Caribe Federal Credit Union;

13. Puerto Rico Federal Credit Union;

14. JetStream Federal Credit Union;

15. VAPR Federal Credit Union; y

16. Cooperativa CooPACA.[1]

El señor Moraza Ortiz peticionó que a cada una de las referidas instituciones se le solicitara un informe, "respecto a todas las cuentas de inversiones, ahorros, cheques, retiro, IRA, Keogh, 401K, certificados de depósito, tarjetas de crédito, [...] a nombre de Carmen Muñoz Gándara [...], Manuel E. Moraza Choisne [...], Moraza & Muñoz o donde aparezca como propietario cualquiera de estas dos personas o números de seguro social, desde enero del 2015 al presente", que incluyera:

a. El resumen anual de transacciones y balances de cada cuenta.

b. Copia por ambos lados de todos los cheques emitidos.

c. Los estados bancarios de todos los meses donde hubiese habido pagos, cheques cobrados, depósitos, transferencias o retiros. Y que se certifique por la institución que esos han sido los meses donde ha habido pagos, cheques cobrados, depósitos, transferencias o retiros.

d. Informar si existen o han existido cajas de depósito.[2]

Ese mismo día, la señora Muñoz Gándara presentó una *Moción Urgente*. En el pliego, arguyó que las órdenes solicitadas por el peticionario constituían un uso indiscriminado del descubrimiento de prueba, puesto que la información peticionada incluía datos personales suyos que no eran pertinentes para resolver la presente acción.

Posteriormente, el 23 de diciembre de 2021, la recurrida instó una *Moción Informativa en Torno a Gestiones Relativas al Descubrimiento de Prueba.* En ella, informó que, ese mismo día, en cumplimiento con la Reglas 23.2 y 34.1 de Procedimiento Civil, 32

---

[1] Apéndice del recurso, 313-320.
[2] Íd.

LPRA Ap. V, R. 23.2 y 34.1, le había enviado a la representación legal del señor Moraza Ortiz una carta en la que le indicó sus objeciones a la *Moción Solicitando Órdenes*. A su vez, la señora Muñoz Gándara le suplicó al foro primario que aplazara la expedición de las referidas órdenes hasta que no se evaluara la procedencia de las mismas.

El 23 de diciembre de 2021, el peticionario presentó una *Moción Reaccionando a la Moción Urgente* presentada por la recurrida. Arguyó que poseía el derecho a utilizar los mecanismos del descubrimiento de prueba en la forma más amplia posible con el objetivo de hacer un inventario de todos los bienes que pertenecían al caudal hereditario de su padre fallecido. Así, pues, sostuvo que no había impedimento para que el foro primario declarara con lugar la *Moción Solicitando Órdenes*, y afirmó la pertinencia de las mismas.

Así la cosas, las partes presentaron varios escritos entre los años 2021 y 2023 en los que reiteraron sus posiciones en cuanto a la *Moción Solicitando Órdenes*. Además, en cumplimiento con una orden del tribunal, el 3 de noviembre de 2022, presentaron una *Moción Conjunta,* con el fin de detallar las objeciones que aún persistían en cuanto al descubrimiento de prueba. En ella, manifestaron sus argumentos en lo referente a la solicitud de órdenes instada por el peticionario.

Evaluado lo anterior, el 18 de julio de 2023, notificada el 19 del mismo mes y año, el Tribunal de Primera Instancia emitió una *Orden* en la que, entre otras cosas, determinó lo siguiente:

"En cuanto a las órdenes a las instituciones financieras,

se permiten".[3]

En reacción, el 2 agosto de 2023, la señora Muñoz Gándara presentó una *Solicitud de Reconsideración y Orden Protectora.* En la

---

[3] Apéndice del recurso, pág. 41.

misma, le solicitó al tribunal que reconsiderara su determinación de permitir las órdenes a todas las instituciones financieras indicadas por el señor Moraza Ortiz en su petitorio. Arguyó que el peticionario, en su *Moción Solicitando Órdenes,* solicitó información de una serie de instituciones financieras en las que solo se conservaban cuentas privativas de sus familiares. A su vez, sostuvo que toda la información solicitada a las instituciones financieras que tuviese una fecha posterior a la muerte del señor Moraza Choisne no era pertinente para la presente acción y no conduciría a prueba admisible. En virtud de los anterior, la recurrida solicitó una *Orden Protectora* en cuanto a la solicitud de esa información en particular.

El 11 de agosto de 2023, el señor Moraza Ortiz presentó una *Breve Réplica y Oposición a [la] Moción de Reconsideración y Solicitud de Órdenes Protectoras.* En el escrito, arguyó que era improcedente limitar la información solicitada. Alegó que el descubrimiento de prueba sobre las cuentas objetadas por la recurrida y la información solicitada con fecha posterior a la muerte del causante iba dirigido a conocer si los fondos privativos de la señora Muñoz Gándara generaron intereses o dividendos gananciales y si algún bien obtenido durante la vigencia de la sociedad legal de gananciales fue depositado en las cuentas privativas de la recurrida. Así pues, el peticionario solicitó al tribunal que sostuviera su determinación sobre las órdenes a las instituciones financieras.

Luego de que la recurrida duplicó al escrito presentado el señor Moraza Ortiz y reiteró los planteamientos que expuso previamente, el 27 de septiembre del año en curso, el foro primario emitió una *Resolución* en la que indicó lo siguiente:

> [E]ste tribunal declara **no ha lugar a la reconsideración solicitada**. Sin embargo[,] **se aclara que la información sobre cuentas privativas de la parte demandada no son descubribles.** [...]. (Énfasis suplido).[4]

---

[4] Apéndice del recurso, pág. 1

Inconforme con dicha determinación, el 26 de octubre de 2023, la parte peticionaria acudió ante nos mediante el recurso del epígrafe y realizó los siguientes señalamientos de error:

Cometió Error el Tribunal de Primera Instancia al emitir Resolución modificando una Orden previamente emitida el 19 de julio de 2023, en virtud de la que se ordenaba a la demandada-recurrida contestar el descubrimiento de prueba que le presentara el demandante-recurrente. Sin embargo, a pesar de que el Tribunal en su Resolución –Recurrida de 27 de septiembre de 2023 expresa haber denegado la reconsideración, enmienda lo ordenado inicialmente a la demandada-recurrida, limitando de esa manera el descubrimiento de prueba necesario y pertinente al que el demandante-recurrente tiene derecho a realizar de forma amplia, necesaria y pertinente dada la naturaleza del caso.

Cometió Grave Error el tribunal de Primera Instancia; al no permitir el descubrimiento de prueba sobre materia pertinente y necesaria en un caso cuya controversia estriba en realizar la división de la sociedad post-ganancial y la comunidad hereditaria del causante Manuel E. Choisne. Con ello priva al demandante del debido procedimiento de ley en una controversia suscitada en un proceso que pretende la división de la sociedad post ganancial y la comunidad hereditaria del causante Manuel E. Choisne. La demandada-recurrida no ha presentado evidencia alguna, del carácter de las cuentas que se alegan son "privativas". El Tribunal de Primera instancia en su Resolución no provee descripción a las cuentas que se refiere son "privativas de la demandada-recurrida.

Incidió en grave error el Tribunal de Primera Instancia al no permitir el descubrimiento de prueba en un caso que pretende la división de la Sociedad Post Ganancial y la comunidad de bienes hereditarias al limitar la materia del descubrimiento, coartando el derecho del demandante-recurrente a descubrir prueba necesaria y pertinente ante la controversia del caso.

Evaluado lo anterior, ordenamos a la parte recurrida a presentar su posición conforme dispone la Regla 37 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XII-B, R. 37. Luego de transcurrido un término adicional, según se nos solicitó, el 9 de noviembre del año en curso, la señora Muñoz Gándara compareció en oposición.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**A.** *Certiorari*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 285 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias

en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Véase, además, *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros,* supra; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez,* supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Finalmente, precisa señalar que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Al contrario, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martinez v. Torres Ghigliotty*, supra, pág. 98.

**III.**

Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el foro primario. Primeramente, es menester acentuar que este Foro no debe de entender en asuntos sobre descubrimiento de prueba, a menos que se demuestre un fracaso a la justicia, cónsono con la Regla 52.1 de Procedimiento Civil, *supra*. Al examinar el pronunciamiento del cual se recurre, se desprende que el mismo no está contenido en las instancias contempladas por la citada Regla para que este Foro pueda entender sobre ello. Nuestras facultades para atender asuntos sobre descubrimiento de prueba están expresamente delimitadas por el ordenamiento procesal antes citado. Además, la parte peticionaria no demostró que, de no actuar respecto a su solicitud, habría de producirse un fracaso a la justicia. *800 Ponce de León v. AIG*, supra, pág. 176. Ello, nos hace concluir que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna.

En virtud de lo anterior, y en ausencia de prueba que nos permita resolver en contrario, *denegamos expedir el auto de certiorari* que nos ocupa, conforme a lo dispuesto en la Regla 40 de nuestro Reglamento, *supra*.

**IV**

Por los fundamentos que anteceden, *se deniega* la expedición del recurso de certiorari solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones